DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
  mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

Attorneys for Plaintiff James Eashoo,
individually and behalf of all others
similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EASHOO, individually and on behalf of all others similarly situated, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>IOVATE HEALTH SCIENCES U.S.A., INC., <br><br>　　　　Defendant. | CASE NO.  2:15-cv-01726-BRO-PJW <br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** <br><br>**JURY TRIAL DEMANDED** <br><br>Assigned to the Honorable Beverly Reid O'Connell |

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff James Eashoo ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Iovate Health Sciences U.S.A., Inc. ("Iovate" or "Defendant"), and alleges the following:

## I. **INTRODUCTION**

1. Iovate is a global manufacturer of health and wellness products including, protein supplements, weight management products, and other nutrition products. It manufactures, markets, and sells a variety of bodybuilding and workout supplements throughout the United States. Among these supplements are protein shakes and beverages, both liquid (ready to drink) and powdered form, as well as, bars and gels sold under the various brand names including, but not limited to, MuscleTech, Six Star, Sam's Club, Fuel One, and EPIQ, which are the subject of the instant lawsuit (the "Products" or "Protein Products").[1]

2. Protein Products are some of the most popular supplements in the multi-billion dollar dietary supplement industry. The Protein Products are advertised, marketed and sold to consumers as a readily available and healthy source of protein. Since one of the primary purposes of the Protein Products is provide or increase the protein consumed by customers, the amount, quality, and purity of the protein contained in the Products is essential to customers' decision to purchase and consume the Products. Accordingly, as detailed herein, the focus of Defendant's advertising for the Protein Products is the amount and quality of the protein contained in the Protein Products.

3. This is a class action lawsuit against Defendant for misrepresenting its Protein Products as having higher levels of protein than is actually contained in the product. Plaintiff is informed, believes, and thereon alleges that the amounts of protein allegedly contained in the Protein Products are grossly inaccurate and inflated

---

[1] A complete list of the Protein Products is set forth in ¶ 19 herein.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

because Defendant has engaged in a practice commonly known as "protein spiking;" whereby the Products are "spiked" with amino acids which falsely register as proteins.

4.      Plaintiff alleges that during the Class Period,[2] Defendant has engaged in the practice of misrepresenting and artificially inflating the amount of protein in the Protein Products because of the addition of these non-protein additives.  As a result of this practice, Defendant's Protein Products contain significantly less protein than what was represented to Plaintiff as well as others similarly situated.

5.      The failure to warn and/or disclaim the above facts is a misrepresentation and/or omission of material fact that renders the Protein Products defective.  But for Defendant's misrepresentations and/or omissions of material fact, Plaintiff and similarly situated purchasers of the Protein Products would not have purchased or paid the price they did for the Protein Products.

6.      Plaintiff is among the thousands of consumers who purchased one or more of the Protein Products during the four years preceding the filing of this Complaint.  Plaintiff and other similarly situated purchasers of the Protein Products relied on Defendant's misrepresentations and/or omissions of material fact in purchasing the Protein Products, and would not have paid as much, if anything, for the Protein Products had the true facts regarding the true protein content  been disclosed.

7.      Plaintiff brings this class action on behalf of himself and all similarly situated consumers in the United States who purchased Defendant's Protein Products during the Class Period for personal use and not for resale (the "Class").[3]  Plaintiff

---

[2] The term "Class Period" as used herein shall mean between March 10, 2011 and the present.

[3] The complete definition of the "Class" is set forth in paragraph 42 herein.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

seeks damages, restitution, and injunctive relief on behalf of the Class for Iovate's false and misleading marketing and sale of the Protein Products.  Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and the Class seek reasonable attorneys' fees as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## II.  THE PARTIES

**A.     Plaintiff:**

8.     Plaintiff James Eashoo is a resident of Los Angeles County, California. During the Class Period, Plaintiff purchased one or more of Defendant's Protein Products in Los Angeles County, California.

9.     In purchasing the Protein Products, Plaintiff relied on Iovate's misrepresentations of fact and/or omissions of material fact regarding the true protein content in the Protein Products.  Plaintiff would not have paid as much, if anything, for the Product had he known that it contained less protein than claimed by Defendant.  As a result, Plaintiff suffered injury in fact and lost money or property.

**B.     Defendant:**

10.     Defendant Iovate Health Sciences, U.S.A., Inc. is a Delaware corporation located at 1105 North Market Street, Suite 1330, Wilmington, Delaware 19801. Iovate Health Sciences, U.S.A., Inc. is the American subsidiary of Iovate Health Sciences, Inc. and is responsible for the manufacture, distribution, and marketing of the Protein Products throughout the United States.

## III.  JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than Defendant's state of citizenship.

13.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within the State of California, such that Defendant has significant, continuous, and pervasive contacts with the State of California.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this judicial district, including his purchase of Defendant's Protein Products.

## IV.  FACTUAL ALLEGATIONS

### A.   The Protein Supplement Industry

15.     Dietary supplements are a multi-billion dollar industry in the United States.  One of the major sectors of this industry is protein supplements.  The protein supplement industry is rapidly growing and is very competitive.  A May 2014 Sports Nutrition Industry report stated that "protein products were expected to grow by 62% to reach US $7.8 billion in 2018."[4]

16.     Although the demand for protein supplements is rapidly increasing, so are the wholesale costs for the protein contained therein.  The U.S. food market has seen a steep increase in the cost of milk (the root source of whey protein) due to a variety of reasons including virus outbreaks and the increase in exports of U.S. supplies.[5]

---

[4] Euromonitor International, *Sports Nutrition in the US*, http://www.euromonitor.com/sports-nutrition-in-the-us/report (last accessed Jan 21, 2015).

[5] USA Today, *Rising food prices pinching consumers*, http://www.usatoday.com/story/money/business/2014/04/16/cpi-shows-food-prices-
(footnote continued)

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

17.     Due to the highly competitive nature of the protein supplement industry, manufacturers such as Defendant has been looking for more ways to lower their costs.  One method employed by Defendant to lower its costs is to engage in protein spiking.

**B.     Defendant Prominently Advertised and Misrepresented the Amount of Protein Contained in the Protein Supplements**

18.     Iovate manufactures, markets, and sells the Protein Products throughout the United States, including California, as dietary supplements designed to enhance protein consumption, athletic performance, strength, and/or energy of its users.

19.     The Protein Products at issue in this case include all protein supplements manufactured, distributed, or sold by Defendant under any brand name including, but not limited, to MuscleTech, Six Star, Epic, Sam's Club, or Fuel 1; and, in any flavor or variety including, but not limited to, the following: MuscleTech NitroTech, MuscleTech Phase8, MuscleTech MassTech, Six Star Whey Protein Plus, Six Star Protein Bars, Six Star Muscle Building Milkshake, Six Star Recovery Protein, Six Star Whey Isolate Plus, Six Star 100% Whey Isolate Protein Gel, EPIQ Isolate, and Fuel One Gainer. Each of these Protein Products comes in one or more flavors, such as, milk chocolate, chocolate fudge, vanilla, French vanilla cream, strawberry, strawberry smoothie, cookies and cream, triple chocolate, peanut butter chocolate, and white chocolate.

20.     The labels of each of the Protein Products features the name of the product, the supplement facts, some of its key characteristics, and representations regarding amount of protein allegedly contained in the product.   Defendant prominently displays the amount of protein contained on the packaging and labeling of each of the Protein Products.

_____

rising/7742669/ (April 16, 2014).

862991.1

PEARSON, SIMON & WARSHAW, LLP
15 165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

FIRST AMENDED CLASS ACTION COMPLAINT

21.     Below are examples of labels that are typical for Defendant's Products:







PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

22.     Furthermore, Defendant emphasizes the qualities, benefits and characteristics of the protein contained in the Protein Products.   For example, Defendant advertises the following products stating that:

a.     MuscleTech NitroTech is a product containing "protein sourced primarily from whey protein isolate – one of the cleanest and purest protein sources available to athletes."[6]

b.     With respect to MuscleTech Phase8; "Each scoop of PHASE8 contains an impressive 26-gram blend of milk-derived proteins that supplies a sustained-release of amino acids."[7]

c.     MuscleTech Platinum 100% Iso-Whey contains "ultra-pure, microfiltered whey protein isolates, the purest form of whey protein you can feed your body."[8]

d.     MuscleTech Platinum Iso-Zero as "an ultra-premium, ultra-clean formula that has zero fat, carbohydrates, sugar, or lactose."[9]

## C.     Defendant Spiked The Protein Products to Increase Profits

23.     Amino acids are the biological compounds that compose protein molecules.   Breaking down protein will yield 22 known amino acids consisting of indispensable (essential), conditionally dispensable, and dispensable amino acids.[10]

24.     Indispensable amino acids, also called essential amino acids, must be supplied to the body from food or supplements. Conditionally dispensable amino

---

[6] http://www.muscletech.com/products/performance-series/#sthash.8dET4ikl.dpuf

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Vanderbilt University, *Essential Amino Acids as Ergogenic Aids*, http://www.vanderbilt.edu/AnS/psychology/health_psychology/amino.htm (Last accessed Jan 21, 2015)

862991.1

1   acids are based on the body's ability to actually synthesize them from other amino

2   acids. Dispensable amino acids, also called nonessential amino acids, can be

3   synthesized by the body from other amino acids.[11]

4        25.    Amino acids are not the same thing as complete proteins and do not

5   have the same nutritional value. As such, it is not possible to replicate the benefits

6   and qualities of proteins by adding amino acids to the Protein Products.

7        26.    Plaintiff is informed, believes, and thereon alleges that Defendant has

8   improperly manipulated, misrepresented, and inflated the true protein content of the

9   Protein Products by adding or "spiking" them with amino acids.

10       27.    Defendant's Protein Products are labeled as having a specified amount

11   of protein per serving.  However, contrary to Defendant's misrepresentations, the

12   Protein Products contain less than the claimed amount of protein as a result of

13   protein spiking.  This total claimed amount of protein is overstated because of the

14   addition of non-protein amino acids.

15       28.    Defendant spikes its products with amino acids and misrepresents the

16   amount of protein in the Protein Products, based purely on economical reasoning.

17   Defendant effectively minimizes the amount of true protein in its Protein Products

18   without telling consumers, and without lowering the price of the Protein Products.

19       29.    In truth, once the amino acids are removed from the Protein Products,

20   the protein content per serving is significantly less than what is labeled, advertised,

21   and represented to Plaintiff and the Class by Defendant.

22       30.    This is significant in two respects.  First, the primary use for the Protein

23   Products is as a source of protein to promote muscle growth and increased strength.

24   Therefore, the less protein contained in a Protein Product, the less value and benefit

[11] Getbig.com,  Barry Finnin, PhD, and Samuel Peters, *Amino Acids & Bodybuilding*, http://www.getbig.com/articles/protein.htm (last visited Jan 20, 2015)

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

1  it has to the consumer.  Second, the Defendant's Protein Products are advertised and

2  sold to consumers as having the claimed amount of amino acids *in addition to*

3  proteins.  In truth, Defendant uses the amino acids to mask and reduce of actual

4  protein content in the Protein Products resulting in products that have amino acid

5  *instead of* proteins.

6  **D.**  **Plaintiff and the Class Relied on Defendant's Material Misrepresentations**

7       31.   The amount of protein contained in the Protein Products was heavily

8  promoted by Defendant with the intent that Plaintiff and the Class would rely on

9  these representations.

10      32.   The amount of protein contained in the Protein Products is a material

11 fact that a reasonable consumer would consider important.  Had Plaintiff and the

12 Class known that the Protein Products contained significantly less protein than what

13 was represented by Defendant, they would not have paid as much, if anything, for the

14 Protein Products.

15      33.   Given the foregoing, Plaintiff and the Class were induced by Defendant

16 into purchasing the defective Protein Products, which they would not have purchased

17 or paid as much for the Protein Products, had they known the truth about the actual

18 amounts of protein in the Products.

19      34.   As a direct and proximate result of Defendant's conduct, Plaintiff and

20 the Class have suffered injury in fact and lost money or property.  Defendant, despite

21 having knowledge that its representations are misleading to Plaintiff and the Class,

22 continue to label, advertise, manufacture, and market its Protein Products in a

23 deceptive and deceiving manner.

24               **V.  RULE 9(b) ALLEGATIONS**

25      35.   Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n

26 alleging fraud or mistake, a party must state with particularity the circumstances

27 constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  As detailed in the paragraphs

28 above, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

following elements with sufficient particularity:

36.  WHO: Defendant made material misrepresentations and failed to disclose, or adequately disclose, material facts regarding the actual amount of protein contained in the Protein Products.  Except as identified herein, Plaintiff is unaware, and therefore unable to identify, the true names and identities of those individuals at Iovate who are responsible for such material misrepresentations and/or omissions.

37.  WHAT: Defendant made material misrepresentations regarding the characteristics of Protein Products.  Specifically, as alleged in detail herein, the Protein Products contained significantly less protein than what was represented and advertised by Defendant to Plaintiff and others similarly situated.

38.  WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously throughout the Class Period.

39.  WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the packaging Defendant's Protein Products, on Defendant's websites (www.muscletech.com, www.sixstarpro.com, www.epiqresults.com), via the Internet, and through Defendant's other advertisements.

40.  HOW: Defendant made numerous, written material misrepresentations on the packaging of its Protein Products, and on its website and other advertising regarding the Protein Products, which were designed to, and in fact did, mislead Plaintiff and others similarly situated members into purchasing or paying more for the Products than they otherwise would have.

41.  WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a price premium for Defendant's Protein Products based on the belief that the Products would build more muscle, increase strength and supplement the consumers diet as advertised.

1  Defendant profited by selling its Protein Products to thousands of unsuspecting
2  California consumers.

3  ## VI.  CLASS ACTION ALLEGATIONS

4  42.  Plaintiff brings this action individually and as a class action on behalf of
5  the following Class: All persons in the United States of America who purchased one
6  or more of Defendant's Protein Products at any time between from March 10, 2011
7  and the present.

8  43.  Plaintiff reserves the right to redefine the Class prior to certification.

9  44.  Excluded from the Class is any entity in which Defendant has a
10 controlling interest, officers or directors of Iovate, all government entities, and any
11 justice or judicial officer presiding over this matter.

12 45.  This action is brought and may properly be maintained as a class action
13 pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the numerosity,
14 typicality, adequacy, predominance and superiority requirements of those provisions.

15 46.  The Class is so numerous that the individual joinder of all of its
16 members is impracticable.  The exact number and identities of members of the Class
17 is unknown to Plaintiff at this time and can only be ascertained through appropriate
18 discovery.

19 47.  Common questions of law and fact exist as to all members of the Class
20 which predominate over any questions affecting only individual members of the
21 Class.  These common legal and factual questions, which do not vary from Class
22 member to Class member, and which may be determined without reference to the
23 individual circumstances of any Class member include, but are not limited to, the
24 following:

25          a.  Whether Defendant's labeling, marketing, advertising, and
26              promotion of its Protein Products was false and misleading;

27          b.  Whether Defendant's efficacy claims are properly substantiated;

28          c.  Whether Defendant's conduct constitutes breach of express

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

warranty;

    d.    Whether Defendant's conduct constitutes negligent misrepresentation;

    e.    Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

    f.    Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);

    g.    Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

    h.    Whether Defendant's conduct violates the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301);

    i.    Whether Plaintiff and the Class are entitled to compensatory damages, and if so, the nature of such damages;

    j.    Whether Plaintiff and the Class are entitled to restitutionary relief; and,

    k.    Whether Plaintiff and the Class are entitled to injunctive relief.

48.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the Protein Products and purchased the Products based on those representations.

49.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

prosecuting this action on behalf of the Class and have the financial resources to do so. Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

50.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because individual actions by Class members would create: (1) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant; and/or (2) adjudications that, as a practical matter, would be dispositive of the interests of other class members not parties to the adjudications, and would substantially impair or impede the ability of such non-party class members to protect their interests.

51.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the class as a whole.

52.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact identified above,

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    without limitation, predominate over any questions affecting only individual

2    members, and a class action is superior to other available methods for the fair and

3    efficient adjudication of this controversy.

4    **FIRST CAUSE OF ACTION**

5    **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

6    **(CAL. CIV. CODE §§ 1750, *ET SEQ.*)**

7    **(Plaintiff and the Class Against Defendant)**

8         53.     Plaintiff repeats the allegations contained in the foregoing paragraphs as

9    if fully set forth herein.

10         54.     Plaintiff brings this claim individually and on behalf of members of the

11    Class against Defendant.

12         55.     Plaintiff has standing to pursue this cause of action because Plaintiff has

13    suffered injury in fact and has lost money as a result of Defendant's actions as set

14    forth herein.   Specifically, Plaintiff purchased Defendant's Protein Products in

15    reliance on Defendant's marketing claims and would not have purchased or paid as

16    much for the product but for Defendant's false and misleading representations.

17    Plaintiff used Defendant's Protein Products as directed, but it did not work as

18    advertised and did not provide any of the promised benefits.

19         56.     Defendant has engaged in and continues to engage in business practices

20    in violation of California Civil Code §§ 1750, *et seq.* (the Consumers Legal

21    Remedies Act) by failing to warn and/or disclaim on the labels of the Protein

22    Products that the amount of protein on the labels of the Protein Products are

23    inaccurate and are inflated by the addition of various amino acids and the non-amino

24    acid compound Creatine Monohydrate to the Products. These business practices are

25    unfair and/or deceptive and should be enjoined.

26         57.     Defendant has engaged in unfair or deceptive acts or practices intended

27    to result in the sale of the Protein Products in violation of California Civil Code §

28    1770. Defendant knew and/or should have known that its misrepresentations and/or

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  omissions of material fact regarding the Protein Products were likely to mislead the
2  public.

3      58.    Defendant's conduct alleged herein violates the Consumers Legal
4  Remedies Act, including but not limited to, the following provisions: (1) using
5  deceptive representations in connection with goods or services in violation of Civil
6  Code § 1770(a)(4); (2) representing that goods or services have sponsorship,
7  approval, characteristics, ingredients, uses, benefits, or quantities which they do not
8  have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services
9  with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As
10 a direct and proximate result of Defendant's conduct, as set forth herein, Defendant
11 has received ill-gotten gains and/or profits, including but not limited to, money.
12 Therefore, Defendant has been unjustly enriched.

13     59.    There is no other adequate remedy at law and if an injunction is not
14 ordered, Plaintiff and the Class will suffer irreparable harm.

15     60.    Pursuant to California Civil Code §§ 1780(a) and (e), Plaintiff and
16 members of the Class seek: (1) actual damages; (2) an order enjoining Defendant's
17 unlawful business practices as alleged herein; (3) restitution; (4) ancillary relief; (5)
18 attorneys' fees and costs to the full extent allowed by law; and (6) Any other relief
19 that the Court deems proper.

20     61.    On March 7, 2015 counsel for Plaintiff and the Class provided
21 Defendant with written notice (via Certified Mail, Return Receipt Requested) that its
22 conduct is a breach of warranty and is in violation of the Consumers Legal Remedies
23 Act.  More than thirty days have passed since the Plaintiff provided this notice and
24 Defendant has failed to take adequate steps to remedy its unlawful conduct and
25 compensate injured consumers.
26 / / /
27 / / /
28 / / /

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (Plaintiff and the Class Against Defendant)

62.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

63.     Plaintiff brings this claim individually and on behalf of members of the Class  against Defendant.

64.     Defendant is a merchant as defined by the applicable California and Uniform Commercial Code provisions and sold goods to Plaintiff and the Class.

65.     Defendant expressly warranted via its advertising, statements, and website information, and disseminated information to the general public, including to Plaintiff and members of the Class, that the Protein Products contain more protein than what is actually contained in the Products.

66.     The statements made by Defendant were affirmations of fact that became part of the basis of the bargain and created an express warranty that Defendant's Protein Products would conform to the stated promises.  Plaintiff and members of the Class placed significant importance on Defendant's representations.

67.     Defendant breached each of the aforementioned warranties and representations because Defendant's Protein Products did not contain the true amount of proteins per serving that was advertised, labeled, and marketed. Rather, the Protein Products contained significantly less protein than what was represented to Plaintiff and the Class.

68.     As a result of Defendant's breach of express warranty, Plaintiff and members of the Class were injured in the amount of all or a portion of their purchase price of the Protein Products.

69.     On March 7, 2015 counsel for Plaintiff and the Class provided Defendant with written notice that its conduct is a breach of warranty and is in violation of the Consumers Legal Remedies Act.

862991.1

17

FIRST AMENDED CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Plaintiff and the Class Against Defendant)

70.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

71.     Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

72.     During the Class Period, Defendant represented to California consumers through the advertising, marketing, and sale of its Protein Products that the Products contained a specific amount of protein per serving, knowing that such information is material to a reasonable consumer's purchasing decision.

73.     Defendant's misrepresentations regarding the characteristics of the Protein Products were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume Defendant's products due to the fact that the Products are health related.

74.     Defendant's material misrepresentations concerning the quality of the Protein Products were false and made without reasonable grounds for believing them to be true.

75.     Defendant made material misrepresentations concerning the quality of the Protein Products with the intent to induce Plaintiff and the Class to purchase and consume the Products over other competing products.

76.     Plaintiff and the Class reasonably and materially relied on Defendant's material misrepresentations in choosing to purchase and consume Defendant's Protein Products.

77.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have incurred damages in an amount to be proven at trial.  Plaintiff and the Class are not seeking damages arising out of personal injuries.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

**(CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

**(Plaintiff and the Class Against Defendant)**

78.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

80.     Plaintiff is informed and believes, and thereon alleges, that Defendant's actions as described herein constitute unfair competition within the meaning of California's False Advertising Law ("FAL") insofar as it has disseminated untrue and/or misleading representations in connections with the sale of the Protein Products.

81.     Defendant has engaged, and continues to engage, in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by making untrue and/or misleading representations concerning the quality and characteristics of the Protein Products without having any reasonable basis for doing so.  Defendant has materially misrepresented the true amounts of protein in the Protein Products.  Reasonable consumers purchased the Protein Products upon the belief that the Products contained the amounts of protein as labeled on the containers when, in fact, the Protein Products contained significantly less protein than what was represented to Plaintiff and the Class.

82.     As a direct and proximate result of Defendant's violation of the FAL, Plaintiff and the Class have suffered injury in fact and have suffered economic harm by losing money as a result of purchasing Defendant's Protein Products.

83.     Defendant's wrongful business practices constitute a continuing course of conduct of false advertising since Defendant is continuously marketing and selling the Protein Products in a manner likely to deceive the public.  Plaintiff and the Class

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  seek an order of this Court enjoining Defendant from continuing to engage in
2  unlawful and unfair business practices and any other act prohibited by law, including
3  those set forth in the Complaint.

4      84.    As a direct and proximate result of Defendant's conduct, as set forth
5  herein, Defendant has received ill-gotten gains and/or profits.  Therefore, Plaintiff
6  requests restitution and restitutionary disgorgement for all sums obtained in violation
7  of the FAL.

8              **FIFTH CAUSE OF ACTION**
9            **MAGNUSON-MOSS WARRANTY ACT**
10              **(15 U.S.C. §§ 2301, *et seq.*)**
11          **(Plaintiff and the Class Against Defendant)**

12     85.    Plaintiff repeats the allegations contained in the foregoing paragraphs as
13  if fully set forth herein.

14     86.    Plaintiff brings this claim individually and on behalf of members of the
15  Class against Defendant.

16     87.    Defendant's Protein Products are consumer products as defined in 15
17  U.S.C. § 2301(1).

18     88.    Plaintiff and members of the Class are consumers as defined in 15
19  U.S.C. § 2301(3).

20     89.    Defendant is a supplier and warrantor as defined in 15 U.S.C. §§
21  2301(4) and (5).

22     90.    In connection with the sale of the Protein Products, Defendant issued
23  written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties
24  that the Protein Products contained a certain amount of protein per serving.
25  Therefore, a reasonable consumer would expect that Defendant's Protein Products do
26  in fact contain the amount of true protein as stated on the label of the Protein
27  Products.

28     91.    However, Defendant's Protein Products do not conform to the express

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

warranties because the Protein Products are spiked with amino acids and contain less protein than what is represented to Plaintiff and the Class on the labels of the Protein Products.

92.     By way of Defendant's breach of express warranty, Defendant has violated the statutory rights owed to Plaintiff and the Class pursuant to the Magnuson-Moss Warranty Act, thereby damaging Plaintiff and the Class. *See* 15 U.S.C. §§ 2301, *et seq*.

93.     As a direct and proximate result of Defendant's breach, Plaintiff and the Class were injured because: (a) they would not have purchased the Protein Products had they known that the products do not contain the amount of true protein represented on the labels of the Protein Products; (b) they paid a premium for Defendant's Protein Products based upon the express warranties made by Defendant; and, (c) Defendant's Protein products did not have the characteristics, benefits, and/or uses as promised by Defendant.

94.     Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and the Class are entitled to recover the amount of damages caused by Defendant's breach of written and implied warranty, which either constitute the full purchase price of Defendant's Protein Products or the difference in value between the Protein Products as warranted and the products as sold.

95.     In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the Class are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended, determined by the Court to have been reasonably incurred by Plaintiff and the Class in connection with the commencement and prosecution of this action.

96.     On March 7, 2015, a pre-suit letter was served on Defendant in compliance with the Magnuson-Moss Warranty Act, advising Defendant of its breach of warranty against Plaintiff and members of the Class and provided Defendant a reasonable opportunity to cure the defect.  Defendant has failed to take

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  any remedial measures to cure the breach in response to this notice by Plaintiff.

2  ### SIXTH CAUSE OF ACTION

3  ### UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES

4  ### (CAL. BUS. & PROF. §§ 17200 ET SEQ.)

5  ### (Plaintiff and the Class Against Defendant)

6  97.    Plaintiff repeats the allegations contained in the foregoing paragraphs as

7  if fully set forth herein.

8  98.    Plaintiff brings this claim individually and on behalf of members of the

9  Class against Defendant.

10  99.    Plaintiff is informed and believes, and thereon alleges that Defendant's

11  actions as described herein constitute unfair competition within the meaning of

12  California's Unfair Competition Law ("UCL"), insofar as the UCL prohibits "any

13  unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue

14  or misleading advertising."

15  100.   Defendant has unfairly and fraudulently made false and/or misleading

16  representations concerning the quality and characteristics of the Protein Products

17  without having any reasonable basis for doing so.   Defendant has materially

18  misrepresented the true amounts of protein in the Protein Products.   Reasonable

19  consumers purchased the Protein Products upon the belief that the Products

20  contained the amounts of protein as labeled on the containers when, in fact, the

21  Protein Products contained significantly less protein than what was represented to

22  Plaintiff and the Class.

23  101.   Defendant's conduct constitutes an "unfair" business practice within the

24  meaning of the UCL insofar as Defendant's business practices alleged herein are

25  immoral, unethical, oppressive, unscrupulous and/or substantially injurious to

26  consumers because Plaintiff and the Class received significantly less protein per

27  serving of the Product as advertised by Defendant.

28  102.   Defendant's conduct constitutes a "fraudulent" business practice within

862991.1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

the context of the UCL insofar as Defendant's misrepresentations and omissions regarding the safety, efficacy and quality of its Protein Products are likely to deceive members of the public.

103. Defendant's conduct constitutes an "unlawful" business practice within the meaning of the Unfair Competition Law because it violates the Consumers Legal Remedies Act, California's False Advertising Law, and the Magnuson-Moss Warranty Act.

104. These above-described unlawful, unfair and fraudulent business practices and unfair competition by Defendant continue to present a threat to Plaintiff and the Class. Plaintiff is informed and believes, and thereon alleges, that Defendant has systematically perpetrated deceptive and unfair practices upon members of the public and has intentionally deceived Plaintiff and the Class.

105. Had Plaintiff and members of the Class known that the Products contained significantly less protein than what was represented by Defendant on the label of the Products, they would not have paid as much, if anything, for the Protein Products. As a direct and proximate result of Defendant's unlawful, fraudulent and unfair business practices in violation of the UCL, Plaintiff and the Class have suffered injury in fact and have suffered economic harm by losing money as a result of purchasing Defendant's Protein Products.

106. Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant is continuously marketing and selling the Protein Products in a manner likely to deceive the public.

107. Defendant has been, and continues to be, unjustly enriched as a result of money collected through the sale of the Protein Products. As a result of the aforementioned conduct, Plaintiff and the Class are entitled to monetary restitution and restitutionary disgorgement of profits.

108. Pursuant to California Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to

862991.1

1  engage in unlawful and unfair business practices and any other act prohibited by law,

2  including those set forth in the Complaint.  Plaintiff and the Class also seek an order

3  requiring Defendant to make full restitution of all moneys they wrongfully obtained

4  from Plaintiff and the Class.

5  / / /

6  / / /

7  / / /

8  / / /

9  / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class pray for relief and judgment against Defendant, as follows:

1.      For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class and notice to the Class to be paid by Defendant;

2.      For damages suffered by Plaintiff and the Class;

3.      For restitution to Plaintiff and the Class of all monies wrongfully obtained by Defendant;

4.      For injunctive relief requiring Defendant to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

5.      For Plaintiff's reasonable attorneys' fees, as permitted by law;

6.      For Plaintiff's costs incurred;

7.      For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and

8.      For such other and further relief that this Court deems just and proper.


DATED: April 10, 2015                    **PEARSON, SIMON & WARSHAW, LLP**
                                         DANIEL L. WARSHAW
                                         BOBBY POUYA
                                         MATTHEW A. PEARSON


                                         By: _____*/s/ Daniel L. Warshaw*_____
                                                 DANIEL L. WARSHAW
                                         Attorneys for Plaintiff James Eashoo,
                                         individually and on behalf of all others
                                         similarly situated

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury of all claims and causes of action so

3

triable in this lawsuit.

4

5

DATED: April 10, 2015          **PEARSON, SIMON & WARSHAW, LLP**

6

DANIEL L. WARSHAW
BOBBY POUYA

7

MATTHEW A. PEARSON

8

9

10

By:    */s/ Daniel L. Warshaw*

DANIEL L. WARSHAW

11

Attorneys for Plaintiff James Eashoo,

12

individually and on behalf of all others
similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## AFFIDAVIT OF DANIEL L. WARSHAW PURSUANT TO
## CALIFORNIA CIVIL CODE § 1780(d)

Daniel L. Warshaw declares:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner in the firm of Pearson, Simon &Warshaw, LLP, attorneys of record for Plaintiff James Eashoo.

2.      This action has been filed in a county described in California Civil Code § 1780 as a proper place for the commencement of this action.

3.      Defendant Iovate Health Sciences U.S.A., Inc. conducts substantial business in the Los Angeles County, California; and a substantial portion of the events complained of by Plaintiff occurred in Los Angeles County, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 10, 2015, at Sherman Oaks, California.


                                        */s/ Daniel L. Warshaw*
                                        Daniel L. Warshaw

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

862991.1

FIRST AMENDED CLASS ACTION COMPLAINT