DANIEL L. WARSHAW (Bar No. 185365)
 dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
 bpouya@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
 mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Attorneys for Plaintiff James Eashoo,
individually and on behalf of all others
similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EASHOO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IOVATE HEALTH SCIENCES U.S.A., INC.,<br><br>Defendant. | CASE NO. 2:15-cv-01726-BRO-PJW<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>(Assigned to the Honorable Beverly Reid O'Connell)<br><br>Date: May 18, 2015<br>Time: 1:30 p.m.<br>Crtrm.: 14 |

863122.2

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 18, 2015 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Beverly Reid O'Connell of the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, California 90012, Courtroom 14 - Spring St. Floor, the law firm Pearson, Simon & Warshaw, LLP will, and hereby do, move the Court, pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), for an order appointing it as interim lead class counsel.

In advance of filing the instant motion, the parties conferred pursuant to Local Rule 7-3. Counsel for Defendant indicated that Defendant will not take a position with regard to this motion.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations in support thereof, the pleadings and papers on file in this action, and any such argument or other matters as the Court may consider at or prior to the hearing on this Motion.

DATED: April 20, 2015        **PEARSON, SIMON & WARSHAW, LLP**
DANIEL L. WARSHAW
BOBBY POUYA
MATTHEW A. PEARSON


By:    */s/ Daniel L. Warshaw*
       DANIEL L. WARSHAW
Attorneys for Plaintiff James Eashoo,
individually and on behalf of all others

863122.2

2

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS
INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................... 2

III. ARGUMENT ............................................................................................ 3

    A. PSW Has Done Significant Work in Researching and Investigating the Claims in the Action ...................................... 4

    B. PSW Has Substantial Experience Handling Complex Consumer Class Actions ........................................................... 5

    C. PSW is Highly Knowledgeable About the Applicable Law .................. 6

    D. PSW Has, and Will, Dedicate the Time and Resources Necessary to Prosecute This Action ................................................................ 8

IV. CONCLUSION ......................................................................................... 9

863122.2

i

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ...................................................................... 4

*In re Carrier IQ Consumer Privacy Litigation*,
  MDL No. 2330 (N.D. Cal.) ............................................................................. 5

*In re Credit Default Swaps Antitrust Litigation*,
  MDL No. 2476 (S.D.N.Y.) .............................................................................. 5

*In re Lithium Ion Batteries Antitrust Litigation*,
  MDL No. 2330 (N.D. Cal.) ............................................................................. 5

*In re Mun. Deriv. Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y 2008) ..................................................................... 4

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
  MDL No. 1827 (N.D. Cal.) ..................................................................... 5, 6, 8

*In re Warner Music Group Corp. Digital Downloads Litigation*,
  No. CV 12-0559-RS (N.D. Cal.) .................................................................. 5,6

*James v. UMG Recordings, Inc.*,
  No. CV 11-1613-SI (N.D. Cal.) ..................................................................... 6

*Nasseri v. CytoSport, Inc.*,
  No. BC439181 (L.A. Super. Ct.) ................................................................. 6, 7

*Parkinson v. Hyundai Motor America*,
  2006 WL 2298801 (C.D. Cal. Aug. 7, 2006) ................................................. 4

*Sciortino, et al. v. PepsiCo, Inc.*,
  No. 14-cv-478 (N.D. Cal.) ....................................................................... 5, 6, 7

*Senne v. Office of the Commissioner of Baseball et al.*,
  No. 3:14-cv-00608 (N.D. Cal.) ....................................................................... 5

*Walker v. Discover Financial Services*,
  2011 WL 2160889 (N.D. Ill. 2011) ................................................................ 1

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

863122.2

ii

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS
INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Wolph v. Acer America Corp.*,
   No. C 09-1314 (N.D. Cal.) ........................................................................................... 6

**RULES**

Fed. R.Civ. P. 23 ............................................................................................................. 4

Fed. R.Civ. P. 23(g) ................................................................................................. 1, 4, 9

Fed. R. Civ. P. 23(g)(1)(A)(i) ......................................................................................... 4

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) .................................................................................. 4

Fed. R.Civ. P. 23(g)(1)(B) .......................................................................................... 1, 4

Fed. R. Civ. P. 23(g)(3) .................................................................................................. 3

Fed. R.Civ. P. 26 ............................................................................................................ 8

Local Rule 23-3 .............................................................................................................. 8

**OTHER AUTHORITIES**

Manual for Complex Litigation (Fourth) § 21.271 ........................................................ 3

863122.2

iii

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By way of this motion, Pearson, Simon & Warshaw, LLP ("PSW") seeks appointment as interim lead class counsel for the proposed class in this litigation. PSW has tremendous experience in complex consumer class actions throughout the United States and in this District.

PSW is uniquely qualified to fill the role of interim lead Class Counsel in this case. The *Eashoo* action was the first class action filed in the United States challenging Defendant Iovate Health Sciences U.S.A. Inc.'s ("Iovate" or "Defendant") practice of "spiking" its protein supplements with amino acids and other non-protein additives, which falsely register as proteins when tested under certain methods. Prior to filing this lawsuit, PSW spent considerable time and effort independently investigating the relevant underlying legal and factual issues. Since the inception of this lawsuit, PSW has exhibited its ability to effectively manage and develop the case, and obtain a favorable resolution for the Plaintiff and class members.

Under Rule 23(g)(1)(B), the court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" including whether or not a firm was the first to file a class action complaint against a defendant. *See Walker v. Discover Financial Services*, 2011 WL 2160889 (N.D. Ill. 2011). PSW and its attorneys have the qualifications, credentials and resources necessary to serve as interim lead class counsel in this case, as they have in dozens of other class actions around the country. PSW's attorneys have obtained some of the largest verdicts and settlements that have ever been reached on behalf of class members, and will ensure that the class members receive exceptional representation in this case.

For all of these reasons, and as detailed more fully below, PSW respectfully requests that the Court grant their motion for interim lead counsel pursuant to Rule

863122.2

1

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

23(g).

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was the first to file a consumer class action in the United States against Defendant for misrepresenting the true amount of protein in its Protein Products on March 10, 2015. (Dkt. No. 1).

As laid out in further detail in the operative First Amended Complaint (Dkt. No. 16), this case involves Defendant's misleading supplement labels which do not accurately reflect the amount of protein in Defendant's Protein Products. The Protein Products at issue in this case include all protein supplements manufactured, distributed, or sold by Defendant under any brand name including, but not limited, to MuscleTech, Six Star, Epic, Sam's Club, or fuel:one; and, in any flavor or variety including, but not limited to, the following: MuscleTech NitroTech, MuscleTech Phase8, MuscleTech MassTech, Six Star Whey Protein Plus, Six Star Protein Bars, Six Star Muscle Building Milkshake, Six Star Recovery Protein, Six Star Whey Isolate Plus, Six Star 100% Whey Isolate Protein Gel, EPIQ Isolate, and fuel:one Gainer ("the "Products" or "Protein Products").

Plaintiff's class action lawsuit alleges that Defendant has misrepresented the amount of protein in its Protein Products by engaging in a practice commonly known as "protein spiking," whereby Defendant's Products are "spiked" with amino acids and other non-protein additives which falsely register as proteins under certain testing methods. These amino acids and other non-protein additives are not proteins and do not have the same nutritional value. Plaintiff alleges that, contrary to Defendant's misrepresentations, the Protein Products contain less than the claimed amount of protein as a result of protein spiking, and that this total claimed amount of protein is overstated because of the addition of non-protein amino acids.

Plaintiff alleges that purchasers of the Protein Products relied on Defendant's misrepresentations and/or omissions of material fact in purchasing the Protein Products, and would not have paid as much, if anything, for the Protein Products

863122.2

2

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

had the true facts regarding the true protein content been disclosed.

Shortly after this action was filed, a substantially similar action entitled *McKenzie v. Iovate Health Sciences U.S.A., Inc. et. al.*, 1:15-cv-0643, was filed in the United States District Court for the District of Colorado on March 27, 2015. *See* Declaration of Daniel L. Warshaw ("Warshaw Decl.") ¶ 7. Like *Eashoo*, the *McKenzie* case alleges that the Epiq Isolate Protein Powder manufactured by Iovate is "'spiked' with additional and unnecessary free-form amino acids, non-protein amino acids, and a litany of other non-protein ingredients." However, the *McKenzie* complaint is limited to only one of Defendant's products.

On April 10, 2015, counsel for Iovate, Scott Ferrell of Newport Trial Group, sent a letter to counsel for McKenzie, Timothy Fisher of Burson & Fisher, stating Iovate's intent to seek a stay in the *McKenzie* case, pursuant to the pendency of the first filed *Eashoo* action. Warshaw Decl. ¶ 8. On April 16, 2015 counsel for plaintiff McKenzie, Timothy Fisher of Burson & Fisher, informed the parties of his intent to file a Motion to Intervene in the *Eashoo* action. *See id.* ¶ 10.

## III.  ARGUMENT

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, the Court should:

> inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.271 (2004).

The Court should consider the following factors in making its selection of interim lead counsel: (a) the work counsel had done in identifying or investigating

potential claims in the action; (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (applying Rule 23(g) criteria in selecting interim class counsel); *Parkinson v. Hyundai Motor America*, 2006 WL 2298801, at *2 (C.D. Cal. Aug. 7, 2006) (same). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### A. PSW Has Done Significant Work in Researching and Investigating the Claims in the Action

Rule 23 rightly requires that the Court first consider counsel's work "in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). This is because the Court should appoint counsel who expend substantially more effort and resources and obtain more extensive and significant information, providing greater value to the class. *In re Mun. Deriv. Antitrust Litig.*, 252 F.R.D. 184, 196 (S.D.N.Y 2008). Indeed, the class suffers when counsel who performed the most substantial and comprehensive investigation are not appointed to represent the class. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006).

Prior to filing the Complaint, PSW conducted an extensive investigation and analysis into the relevant facts and legal theories supporting this litigation. Since no other similar action was filed, and this was not a case that was predicated on a publicly available report, PSW performed independent research, analysis and investigation concerning Plaintiff's claims. *See* Warshaw Decl. ¶ 5. Among other things, PSW performed: (1) a review of available articles concerning the nature and composition of the Protein Products; (2) research concerning the applicable law and appropriate claims; (3) a review of Defendant's representations concerning the

Protein Products, both on Defendant's website and on the product labels themselves; and (4) independent testing and analysis of specific Protein Products to support the allegations of the lawsuit.

The due diligence and independent investigation performed by PSW is reflective of its extensive experience in consumer class actions and its willingness to invest the necessary time and resources in this lawsuit.  These independent investigative efforts distinguish PSW from other law firms, who file lawsuits predicated on research and investigation based on previously filed complaints.

### B. PSW Has Substantial Experience Handling Complex Consumer Class Actions

PSW is a civil litigation firm that specializes in class actions, with offices in Los Angeles and San Francisco.  PSW handles national and multi-national class actions that present cutting-edge issues in both substantive and procedural areas.  The firm's attorneys have expertise litigating difficult and large cases in an efficient and cost-effective manner.  Recognized as national leaders in the field of class actions, PSW has obtained over one billion dollars in settlements and verdicts on behalf of their clients.

The attorneys at PSW have decades of experience handling complex consumer class actions, including cases that involve the types of claims asserted in this case.  In addition, PSW has served as lead or co-lead counsel in numerous class actions including: *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.), *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2330 (N.D. Cal.), *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.), *In re Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.); *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-0559 (N.D. Cal.); *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-cv-478 (N.D. Cal.); *Senne v. Office of the Commissioner of Baseball et al.,* No. 3:14-cv-00608 (N.D. Cal.).  See generally, Warshaw Decl. ¶¶ 13-14, Ex. "A" (PSW firm resume).

The attorney who will be primarily responsible for the adjudication of this case is Daniel L. Warshaw. Mr. Warshaw is a partner at PSW who has significant experience in complex cases involving consumer protection issues. *See id.* For example, Mr. Warshaw served as co-lead counsel in *Wolph v. Acer America Corp.*, No. C 09-1314 (N.D. Cal.), a nationally certified class action involving defective Acer computers that resulted in a classwide settlement. *See* Warshaw Decl., Ex. "A," ¶ 15. He also played an integral role in *TFT-LCD*, where he negotiated the ESI protocol and managed a document review process that featured nearly 8 million documents in multiple languages and 136 reviewers. *See id.* ¶ 17.

Mr. Warshaw also currently serves as interim co-lead counsel in *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-0559-RS (N.D. Cal.) and *James v. UMG Recordings, Inc.*, No. CV 11-1613-SI (N.D. Cal.), cases involving allegations of underpaid royalties to recording artists and producers for digital downloads of their music. Warshaw Decl. ¶ 15.

The experience of Mr. Warshaw and the other attorneys of PSW in leading these aforementioned complex class action lawsuits, makes PSW uniquely qualified to serve as interim lead counsel in this case.

### C. PSW is Highly Knowledgeable About the Applicable Law

As illustrated above, and in the concurrently filed declaration of Daniel Warshaw, PSW has a wealth of knowledge pertaining to complex litigation matters. Specifically, PSW has tremendous knowledge about the applicable laws relating to consumer class actions that they will contribute to this case and has successfully litigated dozens of class action lawsuit arising from false and misleading advertisements. *See generally* Warshaw Decl., Ex. "A." The attorneys of PSW are extremely knowledgeable regarding the consumer protection and warranty laws that are at issue in this case. *See id.*

Of particular relevance here, PSW's attorneys have experience serving as class counsel in consumer class actions involving misbranded supplements and food

products. *See Nasseri v. CytoSport, Inc.*, No. BC439181 (L.A. Super. Ct.); *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-CV-478 (N.D. Cal.). *Nasseri* was a nationwide class arising from CytoSport, Inc.'s misrepresentations regarding the qualities characteristics and benefits of its protein products, including Muscle Milk and Monster Milk. Plaintiffs alleged that the these products contained elevated levels lead, cadmium, and/or arsenic in violation of Proposition 65 and consumer protection statutes. The *Nasseri* case resulted in a nationwide settlement which required the defendant to reformulate it protein beverages to comply with the law and provide financial relief to consumers. *See id.* ¶ 16.

*Sciortino*, which is currently pending in the Northern District of California, alleges that defendant Pepsi failed to disclose that its Pepsi, Diet Pepsi, and Pepsi One soft drinks contained elevated levels of the chemical 4-Methylimidazole ("4-MEI"), in violation of Proposition 65 and California's consumer protection laws. *Id.* PSW was appointed co-lead counsel in *Sciortino*, after a contested lead counsel motion. Warshaw Decl. ¶ 18. In appointing PSW as co-lead counsel after a contested lead counsel motion in *Sciortino*, the Honorable Edward M. Chen of the Northern District of California stated:

> "PSW [ ] has extensive experience with complex class action litigation, including trial experience. PSW [ ] have demonstrated specific expertise in Proposition-65-related litigation and have shown the ability and willingness to commit resources to prosecuting this action. The majority of the other plaintiffs' firms involved in this action have expressed their confidence in PSW [ ] abilities to fairly and adequately represent the class."

*See Sciortino* Order Consolidating Cases and Appointing Lead Counsel (*Sciortino* Dkt. No. 65), Warshaw Decl., Ex. "B."

PSW's firm resume contains numerous other examples of PSW's experience in litigating consumer class actions and other complex litigation. *See* Warshaw Decl., Ex. "A." Thus, PSW's firsthand knowledge of the applicable law gained in

*Nasseri*, *Pepsi*, and other cases will be invaluable to the class in this case.

/ / /

/ / /

### D. PSW Has, and Will, Dedicate the Time and Resources Necessary to Prosecute This Action

PSW has repeatedly demonstrated that it is willing to commit the time and resources necessary to litigate a complex class action, such as this one. Although, PSW's attorneys dedicate the necessary time and resources to prosecute every case they litigate, their efforts in *TFT-LCD* is particularly noteworthy and instructive. In *TFT-LCD*, PSW worked as co-lead counsel for over five years, obtaining over $400 million in settlements and trying the case to a successful $87 million jury verdict before trebling. Along with other counsel, PSW helped manage discovery of roughly 8 million documents consisting of over 40 million pages, served nearly 200 sets of discovery requests and responded to nearly 100, and took and defended more than 130 depositions: 50 in San Francisco, 40 elsewhere across the country, and 41 outside of the United States. Warshaw Decl. ¶ 17. In all, class counsel incurred over $11 million in costs, and contributed over 250,000 hours of work on the case including conducting a seven week jury trial which resulted in a verdict for plaintiffs. *Id.*

PSW has and will continue to dedicate the time and resources necessary to protect the interests of the class members in this case. As set forth above, PSW has already performed a substantial amount of work in researching and investigating this case, including conducting independent analysis of the Protein Products at issue. These efforts have continued in the short time since the filing of this lawsuit, as PSW has already negotiated a stipulated waiver of Local Rule 23-3, negotiated a Stipulated Protective Order, exchanged Rule 26 initial disclosures with Iovate, and initiated discovery against Iovate. *See* Warshaw Decl. ¶ 11.

PSW will continue these efforts if it is appointed as interim lead counsel in this litigation. As demonstrated in their commitment to litigating previous complex

1 class actions, PSW will continue to dedicate time and resources to prosecuting this
2 case through motion practice, discovery, class certification, and trial.

## IV. CONCLUSION

For the foregoing reasons, PSW respectfully requests appointment as interim lead counsel pursuant to Rule 23(g).

DATED: April 20, 2015

**PEARSON, SIMON & WARSHAW, LLP**
DANIEL L. WARSHAW
BOBBY POUYA
MATTHEW A. PEARSON

By: */s/ Daniel L. Warshaw*
 DANIEL L. WARSHAW
Attorneys for Plaintiff James Eashoo, individually and on behalf of all others similarly situated

863122.2

9

NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF