DANIEL L. WARSHAW (Bar No. 185365)
dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
bpouya@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Attorneys for Plaintiff James Eashoo,
individually and on behalf of all others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EASHOO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IOVATE HEALTH SCIENCES U.S.A., INC.,<br><br>Defendant. | CASE NO. 2:15-cv-01726-BRO-PJW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL**<br><br>(Assigned to the Honorable Beverly Reid O'Connell)<br><br>Date:  May 18, 2015<br>Time:  1:30 p.m.<br>Crtrm.: 14 |

863123.1

DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL

I, Daniel L. Warshaw, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the firm of Pearson, Simon & Warshaw, LLP ("PSW"), attorneys of record for Plaintiff James Eashoo in the above entitled action against Defendant Iovate Health Sciences U.S.A., Inc. ("Iovate").

2. I submit this declaration in support of the Motion for Appointment of PSW as Interim Lead Class-Counsel pursuant to Federal Rule of Civil Procedure 23(g).

3. I am the attorney principally responsible for the handling of this matter. I am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

**Factual and Procedural History of the *Eashoo* Action**

4. PSW filed the *Eashoo* action on March 10, 2015. The *Eashoo* action alleges that Defendant Iovate has violated various consumer protection and warranty laws by misrepresenting the amount of protein contained in its protein supplements sold under various brand names including, MuscleTech, Six Star, Sam's Club, fuel:one, and EPIQ. Specifically, the *Eashoo* action alleges that Iovate has engaged in a practice commonly known as "protein spiking," whereby Defendant's protein supplement are "spiked" with amino acids and other non-protein additives which falsely register as proteins when tested under certain methods.

5. Prior to filing the *Eashoo* action, PSW conducted a detailed independent investigation and analysis into the relevant facts, legal theories, and claims in this class action lawsuit. The *Eashoo* action was filed only after PSW conducted this independent investigation and analysis, which included independent testing and analysis of specific products to support the allegations of the complaint.

6. It is my understanding that the *Eashoo* action filed by PSW was the first of its kind filed against Iovate in the United States.

863123.1

2

DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL

7. After filing the *Eashoo* action, I became aware that a nearly identical action, entitled *McKenzie v. Iovate Health Sciences U.S.A., Inc. et. al.*, 1:15-cv-0643, was filed in the United States District Court for the District of Colorado on March 27, 2015. Although, the *McKenzie* action involves only one product, the core allegations in *McKenzie* are identical to *Eashoo*. Like *Eashoo*, the *McKenzie* case alleges that the Epiq Isolate Protein Powder manufactured by Iovate is "'spiked' with additional and unnecessary free-form amino acids, non-protein amino acids, and a litany of other non-protein ingredients." Like *Eashoo*, the *McKenzie* action alleges that the inclusion of these non-protein ingredients resulted in the elevation or "spiking" of the protein levels in Epiq Isolate Protein Powder. Like *Eashoo*, the *McKenzie* action seeks reimbursement of the purchase price and injunctive relief on behalf of consumers who purchased Epiq Isolate Protein Powder. Thus, the later filed *McKenzie* is predicated and tracks the allegations of the *Eashoo* action. (*See McKenzie* Complaint, attached to April 16, 2015 letter from *Mckenzie* counsel attached hereto as Ex. "D").

8. On April 10, 2015, counsel for Iovate, Scott Ferrell of Newport Trial Group, sent a letter to counsel for McKenzie, Timothy Fisher of Burson & Fisher, stating Iovate's intent to seek a stay in the *McKenzie* case, pursuant to the pendency of the first filed *Eashoo* action. A true and correct copy of this letter is attached hereto as Ex. "C."

9. On April 16, 2015, Mr. Fisher sent a letter to Mr. Ferrell and me, stating that he intended to file a motion to intervene in the *Eashoo* action. A true and correct copy of this letter is attached hereto as Ex. "D."

10. Since filing the *Eashoo* action, PSW has made substantial progress in the litigation and made significant efforts to protect the interests of the putative class members. PSW's efforts have included, but are not limited to, negotiating a stipulated waiver of Local Rule 23-3, negotiating a Stipulated Protective Order, exchanging Rule 26 initial disclosures, and initiating discovery against Iovate. If

863123.1

3

DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL

PSW is appointed as interim lead counsel, it will continue to protect and serve the interest of the class members.

11. I believe that the intervention by *McKenzie* in this action has the potential to impede this progress and may be detrimental to the interests of the putative class members. The appointment of PSW as interim lead class counsel is appropriate and necessary to ensure the efficient handling of this matter and protect the interest of the class members.

12. Prior to filing Plaintiff's Motion for Interim Lead Counsel, I conferred with counsel for Iovate, Scott Ferrell, pursuant to Local Rule 7-3. Mr. Ferrell has advised me that Iovate does not oppose PSW's Motion for Interim Lead Counsel.

**PSW's Experience and Qualifications to Serve as Lead Counsel**

13. The attorneys at PSW have extensive experience in complex litigation and class actions. PSW has represented a wide range of clients in complex litigation and class actions and have obtained over ***one billion*** dollars in settlements and verdicts on behalf of their clients. PSW currently serves, or has served, as lead counsel in some of the most advanced, cutting-edge, class actions in the country including, but not limited to: *In re Credit Default Swaps Antitrust Litigation*, MDL No. 2476 (S.D.N.Y.); *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.); *In re Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.); *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-0559 (N.D. Cal.); *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-cv-478 (N.D. Cal.); *Senne v. Office of the Commissioner of Baseball et al.,* No. 3:14-cv-00608 (N.D. Cal.); and *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-md-08127 (N.D. Cal.).

14. A complete profile of PSW's attorneys and a summary of the numerous complex litigation matters in which they have obtained successful results is set for in PSW's firm resume attached hereto as Ex. "A."

863123.1

4

DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL

15. I have personally held a lead role in many of these cases, including but not limited to: *In re Carrier IQ, Inc. Consumer Privacy Litigation*, No. C-12-md-2330-EMC (N.D. Cal.), nationwide class action alleging that mobile phone diagnostics company, Carrier IQ, Inc, and numerous mobile phone manufacturers, improperly intercepted consumer information in violation of state and federal law; *Wolph v. Acer America Corp.*, No. C 09-1314 (N.D. Cal.), a nationally certified class action involving defective Acer computers that resulted in a classwide settlement; *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-559-RS (N.D. Cal.) and *James v. UMG Recordings, Inc.*, No. CV 11-1613-SI (N.D. Cal.), cases involving allegations of underpaid royalties to recording artists and producers for digital downloads of their music; *Nasseri v. CytoSport, Inc.*, No. BC439181 (L.A. Super. Ct.), class action involving claims that CytoSport, Inc. failed to adequately disclose the amount of lead, mercury and arsenic contained in its protein supplements in violation of Proposition 65 and state consumer statutes; and *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-CV-478 (N.D. Cal.) class action alleging that Pepsi beverages contained elevated levels of the chemical 4-Methylimidazole ("4-MEI") in violation of Proposition 65 and state consumer statutes.

16. My experience in *Nasseri* and *Sciortino* are particularly valuable to this case and demonstrative of the ability myself and the attorneys of PSW to serve as interim lead counsel in a consumer class action lawsuit challenging misrepresentations on food and supplement products.

17. *Nasseri* was a nationwide class arising from CytoSport, Inc.'s misrepresentations regarding the qualities characteristics and benefits of its protein products, including Muscle Milk and Monster Milk. Plaintiffs alleged that the these products contained elevated levels lead, cadmium, and/or arsenic in violation of Proposition 65 and consumer protection statutes. The *Nasseri* case resulted in a

nationwide settlement which required the Defendant to reformulate it protein supplements to comply with the law and provide financial relief to consumers.

18. In appointing PSW as co-lead counsel after a contested lead counsel motion in *Sciortino*, the Honorable Edward M. Chen of the Northern District of California stated:

> "PSW [ ] has extensive experience with complex class action litigation, including trial experience. PSW [ ] have demonstrated specific expertise in Proposition-65-related litigation and have shown the ability and willingness to commit resources to prosecuting this action. The majority of the other plaintiffs' firms involved in this action have expressed their confidence in PSW [ ] abilities to fairly and adequately represent the class."

*See Sciortino* Order Consolidating Cases and Appointing Lead Counsel (*Sciortino* Dkt. No. 65), Warshaw Decl., Ex. "B."

19. PSW has demonstrated its commitment to protect the class members in other significant matters, including *TFT-LCD*, in which my firm undertook tremendous risk and expense in prosecuting a large antitrust class action over a period of more than five years. Under the co-leadership of my firm and Lieff, Cabraser, Heimann & Bernstein, LLP, we managed over 50 firms that had filed direct purchaser cases. I personally helped manage discovery of nearly 8 million documents consisting of over 40 million pages, and oversaw as many as 136 document reviewers working concurrently. The direct purchaser class served 184 sets of discovery requests and three written depositions, responded to 75 sets of requests propounded by defendants, and engaged in extensive discovery motion practice before a special master. Counsel took and defended more than 130 depositions: 50 in San Francisco, 40 elsewhere across the country, and 41 outside of the United States. In all, counsel for the direct purchaser plaintiffs incurred in excess of $11 million in costs, and contributed well over 250,000 hours of work on

863123.1

6

DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW, LLP AS INTERIM LEAD COUNSEL

1 the case including conducting a seven week jury trial which resulted in a verdict for
2 plaintiffs.

3     20.   PSW has demonstrated similar zealous and determined advocacy on
4 behalf of the class members in all of the cases in which it has been appointed lead or
5 served as class counsel.  PSW is ready, willing and able to commit the time and
6 resources necessary to serve as interim lead class counsel in this case.

7     I declare under penalty of perjury under the laws of the United States of
8 America that the foregoing is true and correct.

9     Executed on April 20, 2015, at Sherman Oaks, California.

                                    */s/ Daniel L. Warshaw*
                                    DANIEL L. WARSHAW

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

863123.1
7
DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR APPOINTMENT OF PEARSON, SIMON & WARSHAW. LLP AS INTERIM LEAD COUNSEL