United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY SCIORTINO, *et al.*, | No. C-14-0478 EMC |
| Plaintiffs, | **CONSOLIDATED CASES** |
| v. | No. C-14-0713 EMC |
| PEPSICO, INC., | No. C-14-1099 EMC |
| | No. C-14-1105 EMC |
| Defendant. | No. C-14-1192 EMC |
| _____/ | No. C-14-1193 EMC |
| | No. C-14-1316 EMC |
| | No. C-14-2020 EMC |
| | No. C-14-2023 EMC |
| | **ORDER CONSOLIDATING CASES AND APPOINTING LEAD COUNSEL** |
| | **(Docket No. 42, C-14-0478)** |
| | **(Docket No. 37, C-14-2020)** |

Currently pending before the Court are competing motions for appointment as interim lead counsel and to consolidate the actions. After weighing the factors set forth in Rule 23(g) and considering other argument raised by counsel, for the reasons stated in the record and as supplemented herein, the Court hereby consolidates all nine actions and **GRANTS** in part and **DENIES** in part the motion by Pearson, Simon & Warshaw ("PSW") and Glancy Binkow & Goldberg ("GBG,") (collectively "PSW & GBG") for appointment as interim lead counsel. The Court **DENIES** the motion by the Katriel Law Firm ("Katriel").

While Katriel has impressive qualifications, PSW & GBG has extensive experience with complex class action litigation, including trial experience. PSW & GBG also have demonstrated specific expertise in Proposition-65-related litigation and have shown the ability and willingness to

commit resources to prosecuting this action. The majority of the other plaintiffs' firms involved in this action have expressed their confidence in PSW & GBG's abilities to fairly and adequately represent the class.

The Court declines, however, to appoint an Executive Committee. The PSW & GBG group have not persuaded the Court that a formal Executive Committee structure is warranted, particularly in light of PSW & GBG's demonstrated resources and expertise, along with the nature of this matter. Such a structure carries an unnecessary risk of duplication and cost inefficiencies.

With the nine actions consolidated, the parties have agreed to follow the case management timetable set forth in their prior joint case management statement. *See* Docket No. 100. As discussed at the hearing, the parties will file a stipulation translating the case management timetable into calendar dates.

When interim co-lead counsel files the consolidated amended complaint, PSW & GBG must clearly delineate whether a medical monitoring claim is included or excluded from the complaint. Among other things, the class definition in the consolidated amended complaint will make clear whether individuals seeking a medical monitoring remedy are included or are excluded from the class. As necessary, the next status conference will serve as a hearing date to discuss how any medical monitoring claims should be handled in light of how the consolidated amended complaint is actually pled. If such claims are excluded, Katriel may participate in that hearing; in such event, the parties shall include in the joint status conference statement their analysis as to how such claims should be handled.

Interim co-lead counsel shall also file by August 25, 2014 the proposed guidelines that they will follow to limit costs and expenses, including attorney's fees. The proposed guidelines should address issues such as staffing practices (*e.g.,* number of attorneys attending depositions and court hearings) and limits on travel expenses. Guidelines must provide that: (a) daily, contemporaneous time records must be maintained; (b) block-billing time records shall not be permitted; (c) time records must be based on the tenth of an hour (not a quarter of an hour); (d) time records must be submitted to co-lead counsel for review no later than the week following the last day of a month; and (e) co-lead counsel will appoint one senior attorney from PSW to collect all billing records

2

1  monthly and conduct a monthly review of time records to ensure that costs and expenses are
2  reasonable, with the understanding that the Court may, in its discretion, call upon counsel to submit
3  those records and/or a report for the Court's independent review.
4      This order disposes of *Sciortino* Docket No. 42 and *Riva* Docket No. 37.

6      IT IS SO ORDERED.

8  Dated: August 6, 2014

                                                      EDWARD M. CHEN
                                                      United States District Judge

**United States District Court**
For the Northern District of California