**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES EASHOO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

IOVATE HEALTH SCIENCES U.S.A., INC.,

Defendant.

CASE NO. CV 15-1726 BRO (PJWx)

**CLASS ACTION**

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Date: November 9, 2015
Time: 1:30 p.m.
Dept.: 14 - Spring St. Floor

The Court, having reviewed the Motion for Preliminary Approval of Class Action Settlement ("Motion"), the evidence and argument provided by the parties, and the pleadings and other papers on file in this action, hereby GRANTS preliminary approval to the Class Action Settlement Agreement, as detailed below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

## I.  THE SETTLEMENT CLASS IS CERTIFIED

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2. Pursuant to the class action criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court provisionally certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class consisting of all persons in the United States of America who purchased one or more of Defendant Iovate Health Sciences, Inc.'s Protein Products at any time between March 10, 2011 and the date this Order is entered. Excluded from the Settlement Class are any officers, directors, or employees of Iovate, and the immediate family member of any such person. Also excluded from the Settlement Class is any judge who may preside over this case.

3. With respect to the Settlement Class, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the class; and, (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Plaintiff James Eashoo as Class Representative of the Settlement Class.

5.      Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Daniel L. Warshaw and the law firm of Pearson, Simon & Warshaw, LLP as Class Counsel to represent the Settlement Class.

## II.     THE SETTLEMENT IS PRELIMINARILY APPROVED AND THE FINAL APPROVAL SCHEDULE IS SET

6.      The Court hereby grants preliminary approval to the Settlement Agreement, subject to a hearing on the final approval of the settlement.

7.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement. Based on this preliminary evaluation, the Court finds that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range necessary for preliminary approval; (ii) the Settlement Agreement appears to have been negotiated, as far as this Court can discern, in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and, (iii) with respect to the forms of notice of the material terms of the Settlement Agreement to the Class Members for their consideration and reaction, that notice is appropriate and warranted.

8.      The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

9.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a settlement hearing (the "Final Approval Hearing") on March 21, 2016, at 1:30 p.m. in the courtroom of the Honorable Beverly Reid O'Connell, United States District Court of California, Courtroom 14, 312 North Spring Street, Los Angeles, CA 90012 to determine the following:

   a. Whether the proposed Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and thus, the Class claims should be finally certified for purposes of effectuating the Settlement;

   b. Whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be granted final approval;

   c. Whether Class Counsel's Motion for Attorney's Fees, Costs, and Incentive Award should be granted;

   d. Whether final judgments should be entered dismissing the claims of the Class against Iovate with prejudice; and

   e. Such other matters as the Court may deem appropriate.

  10. The hearing date and/or time for the Final Approval Hearing may be moved *sua sponte* by the Court or pursuant to a stipulation by the parties subject to Court approval without providing additional notice to the Class Members.

  11. The Court adopts the following schedule in order to effectuate the final approval of the Settlement Agreement:

   a. The first date on which the Summary Notice is published in a newspaper of general circulation in California (the "Notice Date") shall be no later than 30 days after the entry of this Order;

   b. Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award shall be filed on or before, January 25, 2016, forty-five (45) days after the Notice Date;

   c. Class Members shall have until, February 8, 2016, sixty-one (61) days after the Notice Date to file claims, opt-out, or exclude themselves, object to the Settlement Agreement, or respond to Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award;

   d. Plaintiff shall file his Motion for Final Approval of the Settlement Agreement on or before, February 22, 2016, seventy-five (75) days after the Notice Date; and,

e. Plaintiff shall respond to any objection to the Settlement Agreement and/or Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award on or before, February 22, 2016, seventy-five (75) days after the Notice Date.

## III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

12. The Court finds that the forms of notice to the Class Members regarding the pendency of this class action, and the methods of dissemination to the Class Members in accordance with the terms of this Order, constitute valid, due, and sufficient notice to the Class Members pursuant to Federal Rule of Civil Procedure 23, California Civil Code section 1781(d), the United States Constitution, and any other applicable law.

13. The Court appoints Rust Consulting, Inc. as the Claims Administrator.

14. The Court approves the form and content of the Claim Form, Long Form Notice, and Summary Published Notice attached to the Settlement Agreement as Exhibits A–C, respectively.

15. On or before the Notice Date and within fifteen (15) days of the entry of this Order, the Claims Administrator shall establish the Case Website, which will allow Class Members the ability to obtain information and documents about the settlement, including the Claim Form, Long Form Notice, Summary Published Notice, the Settlement Agreement, and (when it becomes available) Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Award.

16. Commencing on or before the Notice Date, the Claims Administrator shall arrange for publication of the Summary Published Notice, in the form attached to the Settlement Agreement as Exhibit C, as follows: four quarter-page notices once a week for four consecutive weeks in *USA Today*'s California edition.

17. On or before the Notice Date, the Claims Administrator will issue an informational press release over PR Newswire's US1 and National Hispanic

newslines.

18. Commencing on or before the Notice Date, the Claims Administrator shall create Internet banner notices on several websites including: (1) Men's Health; (2) Men's Fitness; (3) Muscle & Fitness; (4) Muscle & Fitness Hers; and, (5) Flex. Additionally, the Claims Administrator shall create advertisements on Facebook and Twitter targeted to users with interests such as "Bodybuilding," "Weight training," "Muscle & Fitness" or similar terms targeted to reach potential Class Members. These Internet notices will allow access to the Case Website. Counsel for the Parties and the Claims Administrator may direct notice via additional websites that are targeted to reach potential Class Members.

19. On or before the Notice Date, the Claims Administrator shall establish a case-specific Facebook page and a case-specific Twitter account, which will give Class Members access to information about the settlement.

20. On or before the Notice Date, the Claims Administrator shall establish a toll-free telephone number, which will provide answers to frequently asked questions and give Class Members the ability to request information to be mailed directly to them.

21. Defendant Iovate shall file with the Court by no later than twenty-eight (28) days prior to the Final Approval Hearing, certification that Notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

22. All costs and expenses of administering the Class Action Settlement Agreement and providing Notice in accordance with this Order, including the costs of the Claims Administrator, will be paid from the Non-Reversionary Common Fund in accordance with the applicable provisions of the Settlement Agreement.

## IV. PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

23. Any Class Member who wishes to receive money from the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claims Administrator within the timeframe to make a Valid Claim.

24. The Claims Administrator shall have the authority to use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only legitimate claims, including requiring all Claimants to provide certifications as to their purchases.

25. Payment will be made directly to the Participating Claimant by first class mail after entitlement to payment has been verified, and in no event more than six months after the close of the timeframe to make a Valid Claim, unless Class Counsel permits an extension of time.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

26. Any Settlement Class Member who does not wish to participate in the Class Action Settlement Agreement must write to the Claims Administrator stating an intention to be "excluded" from the Settlement Agreement by the Opt-Out Date. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than the Notice Response Deadline. The Request for Exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

27. Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the settlement. If a Class Member submits a Request for Exclusion, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Class Action Settlement

Agreement if approved by the Court. However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

**VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT**

28. Settlement Class Members shall have the right to appear and show cause if they have a reason why the terms of the Class Action Settlement Agreement should not be given Final Approval. Any objection to the Settlement Agreement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel, Counsel for Defendant, and the Claims Administrator at the addresses set forth in the Class Notice, and postmarked no later than the Notice Response Deadline. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

29. Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Eashoo v. Iovate Health Sciences U.S.A. Inc.*, No. 2:15-cv-01726-BRO-PJW" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for their standing as a Settlement Class Member, e.g., Receipt, Proof of Purchase, or verification under oath as to the approximate date(s) and location(s) of their purchase(s) of the Protein Products; and, (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement, the general nature of such prior objection(s), and the outcome of said prior objection(s). If an objecting party chooses to appear at the hearing, no later than the Notice Response Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address,

telephone number, facsimile number, and email address of the attorney, if any, who will appear.

30. If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing. While the declaration described above is prima facie evidence that the objector is a member of the Settlement Class, Plaintiff or Defendant or both may take discovery regarding the matter, subject to Court approval.

31. Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, and introducing any testimony or evidence at the Final Approval Hearing; and, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

32. Any Settlement Class Member who does not object to the Class Action Settlement Agreement is deemed to be a Settlement Class Member and bound by the Settlement Agreement or any further orders of the Court in this Action.

33. Class Counsel and Defendant shall have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Approval Hearing. The Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objector (or counsel for the objector) and to counsel for Plaintiff and Defendant.

**VII. REASONABLE PROCEDURES TO EFFECTUATE SETTLEMENT**

34. Class Members shall, upon final approval of the Settlement Agreement, be bound by the terms and provisions of the Settlement Agreement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

35. Pending the final determination of whether the Settlement should be approved, all Class Members are hereby stayed and enjoined from proceeding in any other action arising from or relating to this litigation pending the conclusion of the Final Approval Hearing.

36. If the Settlement Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, the Settling Parties will be restored to their respective positions in the Action as of the date the Motion for Preliminary Approval was filed. In such event, the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Settling Parties and will not be used in this Action or in any other proceeding for any purpose, and any Judgment or Order entered by the Court in accordance with the terms of the Settlement Agreement will be treated as vacated.

37. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

38. In the event that this Order conflicts with the Settlement Agreement regarding the form and manner of providing notice to the Class, this Order shall control. All provisions of the Settlement Agreement regarding the form and manner of providing notice to the Class shall remain in full force and effect unless otherwise

expressly modified herein.

39. All further proceedings in this litigation are hereby stayed except for any actions required to effectuate the Settlement Agreement.

**IT IS HEREBY ORDERED**

Dated: November 9, 2015

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE